## 9089

### HUNT v. ATLANTIC COAST LUMBER CORPORATION.

#### (85 S. E. 229.)

APPEAL AND ERROR. HARMLESS ERROR. EVIDENCE. OFFER TO COMPROMISE. NONSUIT. PUNITIVE DAMAGES. VERDICT. CHARGE. TRIAL.

1. OFFER TO COMPROMISE—EFFECT.—An offer of defendant to compromise, when refused, is under Code Civil Proc., sec. 424, to be deemed withdrawn, and cannot be given in evidence, or considered in passing upon motion for nonsuit.
2. NONSUIT.—Where there is any evidence as to damages, that question should be submitted to the jury.
3. NONSUIT—APPEAL AND ERROR.—Where an order refusing a motion for a nonsuit was erroneous, but testimony is afterwards introduced tending to sustain the action, the error is cured, and the order will not be reversed on appeal.
4. PUNITIVE DAMAGES—NONSUIT.—Where the testimony shows that a defendant wilfully converted timber, which it had cut, to its own use, after ascertaining the fact, that it belonged to plaintiff, a nonsuit of action for punitive damages is properly refused.
5. APPEAL AND ERROR—HARMLESS ERROR—EVIDENCE.—Where testimony incompetent when admitted, is supplemented by testimony rendering it competent, the error is cured and rendered harmless.
6. VERDICT.—Where a general verdict is rendered in the amount of actual damages prayed for, the Court cannot say it did not include punitive damages, where that issue was also submitted to the jury.
7. CHARGE ON FACTS—TRIAL.—An expression of his opinion on the facts, by a Judge in refusing a motion for nonsuit, is not a charge upon the facts, under Const., art. V, sec. 26.
8. CHARGE.—Charge held not erroneous, as calculated to mislead the jury, or as expressing the Court's opinion on the facts.
9. TRIAL.—An exception to the conduct of the trial overruled, where the record shows no unfair conduct on the part of the Judge, toward counsel, or conduct calculated to prejudice the jury against appellant.

Before HON. C. J. RAMAGE, special Judge, Monck's Corner, November, 1913.    Affirmed.

Action by N. A. Hunt against Atlantic Coast Lumber Corporation.

In refusing a motion for nonsuit, the presiding Judge said:

"I have had the stenographer to read me the testimony in this case, and it appears from the testimony that Mr. Sanderson talked to Mr. Pearce after this timber was cut and before it was moved.    The complaint alleges that the defendant wilfully and wantonly cut and removed certain timber from the lands of the plaintiff, and in my judgment there is sufficient testimony to go to the jury.    The case of *Beaudrot* v. *Railway* holds that it is a question for the jury when a man goes on another's land without making the proper effort to find out where the lines are.    Therefore, under the facts of the case, if they removed the logs from there after they had knowledge that they were cutting the timber of some one else, I think that would carry the question to the jury."

The charge of the presiding Judge was as follows:

Gentlemen of the jury, I am going to charge you very briefly the issues in the case.    You have heard the testimony and you have heard the pleadings read.

As I understand it, the plaintiff alleges that he was the owner of certain timber described in the complaint, and he further alleges that the defendant company went on the land in question, on which the timber was located, and wilfully, wantonly and maliciously cut and removed the timber therefrom to the damage of the plaintiff in the sum of five hundred dollars actual damages, and two thousand dollars punitive damages.

The defendant comes into Court and denies each and every allegation of the complaint, except certain allegations that are admitted (here reads the answer), and further answering the complaint, they set out certain letters and correspondence by which they seek to justify their acts. You will have all of these papers with you in your jury room, and if you are uncertain as to any of these matters you can refer to the papers in the case.

Now, negligence, Mr. Foreman and gentlemen, is the want of due care under the circumstances.

Wilfulness is a conscious failure to observe due care.

Negligence has also been defined to be the doing of that which a man of ordinary reason and prudence would not have done under the circumstances, or the failure to do that which such a man of ordinary reason and prudence would have done. It is the want of due care.

I charge you, Mr. Foreman and gentlemen, that you can not give punitive damages where only negligence is shown. I will try to illustrate that to you: If I were to run against a man and knock him down, without any ill will toward him, I would only be liable for the actual damage that I inflicted on him, but if I were to run against him in a reckless way and injured him, then I am not only liable to him for the actual injury that I have inflicted on him, but I am also liable for punitive damages, the law puts that on me to punish me for my reckless act. You gentlemen catch that distinction.

I charge you as a matter of law, gentlemen, that if I injure a man's property, the measure of damages is the difference in the value of the property before I injure it and the value after it is injured, that is so far as the actual damage is concerned, the value before and the value after it is injured is the measure of damages. In other words, suppose I have a horse, and I lend to Mr. Schultz, and he drives it unreasonably and injures it and I sue him for the injury to the horse, the measure of my damages would be the differ-

ence between the value of the horse before he drove it and the value afterward. It is a matter of plain common sense, and that is the law with regard to the entry on land or trespass or injury to timber. The value before and the value after the injury, or the alleged act. You take the value before and the value afterward and the difference would be the actual damage.

Where a man is only negligent actual damages only result from negligence, but where he is reckless or wanton or wilful or malicious, punitive damages might be awarded.

Now, with regard to a land line—and I am not charging you as to the facts in this particular case, but generally—if you and I own adjoining tracts of land and if I get over on your land inadvertently, and without meaning to do anything wrong, the measure of damages in which I would be liable would be the actual damages which I have done to you, but if I get over on your land through recklessness, then I would be liable for punitive damages.

The Court: Is there anything further, gentlemen?

Mr. Fultz: Under the pleadings they have to find for the plaintiff in the amount admitted.

The Court: Yes, sir. In any event you must find for the plaintiff the sum of one hundred and eleven dollars, and you can't find for more than five hundred dollars actual damage and two thousand dollars punitive damages.

The burden is on the plaintiff to prove his case by the preponderance of the testimony, if the testimony is evenly balanced and does not preponderate in favor of the plaintiff then your verdict must be for the defendant, except, of course, for the hundred and eleven dollars.

The defendant has a right to sit still and require the plaintiff to prove his case.

Now, if I have misled you gentlemen in any matter I will state the law to you again. Negligence draws with it actual damages, and wilfulness, wantonness and recklessness draw punitive damages.

Negligence is the absence of due care under the circumstances.

Wilfulness and wantonness, where a man wilfully and consciously invades the rights of another, entitles the man injured to punitive damages.

The jury found for the plaintiff, on November 6, 1913, in the sum of six hundred dollars, not specifying how much of that amount was to be regarded as punitive damages.

A motion was then made on the minutes to set the verdict aside on the ground, *inter alia,* that it was manifestly against the preponderance of the evidence; that there was, in fact, nothing to support the verdict for that amount. This motion was refused by the Court.

From the judgment entered defendant appealed on the following exceptions:

1. That the Court erred in refusing the motion of the defendant's attorney, at the close of the plaintiff's testimony, that the jury be directed that it could not find for more than the sum of one hundred and eleven dollars, tendered by the defendant before going into the cause, in open Court.

The error being that the motion should have been granted for the reason that there was an absolute failure, and even absence of testimony, to show that any greater amount of timber had been cut; and that having been shown only by the defendant's admission.

2. That the Court erred in refusing to grant the motion of defendant's attorney for a nonsuit as to punitive damages.

The error being that the motion should have been granted, for the reason that there was not a word of testimony in the case to support a verdict for punitive damages, there being nothing to show wantonness or gross or wilful negligence, or even ordinary negilgence, the evidence clearly showing that great precautions were taken to avoid going over the line on to plaintiff's timber.

3. That the Court erred in admitting the testimony of the plaintiff, Hunt, as to the quantity and value of the timber, and the damage done; without which testimony there would have been nothing to go to the jury on.

The error being that this testimony was clearly hearsay, and was so admitted to be by the plaintiff witness, and said testimony was admitted over the earnest protest of the attorney for the defendant.

4. Because the jury found for the plaintiff in the sum of "six hundred dollars," under the prayer of the complaint which asked for "six hundred dollars as actual damages, and the further sum of two thousand dollars by way of punitive damages."

The jury evidently intending its verdict to be for the sum of six hundred dollars as *actual* damages; and there being no testimony whatever to support a verdict for a greater amount of actual damages than one hundred and eleven dollars, tendered by defendant before trial.

5. That the Court erred in refusing the motion of defendant's attorney to strike out all of the testimony of the plaintiff, Hunt, with reference to the timber, after the witness had admitted that he knew nothing about it of his own knowledge.

The error being that such testimony was confessedly pure hearsay.

6. Because the Court erred in interrupting the testimony of one of the defendant's most important witnesses (Grant), to make his ruling on the question of permitting the case to go to the jury, and, in so doing, in using the following language:

"I have had the stenographer to read me the testimony in this case, and it appears from the testimony that Mr. Sanderson talked to Mr. Pearce after this timber was cut and before it was moved. The complaint alleges that the defendants wilfully and wantonly cut and removed certain timber from the lands of the plaintiff; and, in my judgment, there

is sufficient testimony to go to the jury. The case of *Beaudrot* v. *Railway* holds that it is a question for the jury when a man goes on another man's land without making the proper effort to find out where the lines are. Therefore, under the facts of the case, if they removed the logs from there after they had knowledge that they were cutting the timber of some one else, I think that would carry the question to the jury."

The error being that while this was not a portion of the charge, it was tantamount to an expression of opinion as to the facts; the language used being such that if it had been used in the charge, it would have constituted a charge on the facts, and would have been reversible error.

7. Because the charge of the Court, it is respectfully submitted, when taken as a whole (*this exception being intended to apply to the entire charge*), was misleading to the jury, in that, while most of the statements of the law, regarded separately, and as isolated statements, might be correct—still, taken altogether, would leave upon the mind of the hearer the impression that the Court was of opinion that the conduct of the defendant was reckless and wanton.

The error being that the uncontradicted testimony of the only witnesses who testified as to the trespass leaves no foundation whatever for the conclusion that there was either wilfulness or wantonness or recklessness, or anything else making it competent for the jury to consider the question of punitive damages.

8. Because the manner of the presiding Judge toward the senior counsel for the defendant was such as to prejudice the jury against the defendant; such conduct being revealed by a perusal of the entire testimony.

The error being that a party is not only entitled to have questions of law properly decided, but to have his counsel fairly treated; and questions resting, more or less, in the discretion of the trial Judge reasonably disposed of; and to

have the Court, however unintentionally, show no spirit of hostility or discrimination.

*Messrs. Octavus Cohen* and *Octavus Roy Cohen,* for appellant, cite: *As to conduct of Court during trial, and entire charge:* 104 N. E. 396.

*Mr. Lewis G. Fultz,* for respondent, cites: *As to measure of actual damages:* 33 Ky. L. Rep. 98; 54 N. J. L. 553; 112 Fed. 893; 166 Ill. 249; 116 N. W. 758; 49 Ark. 381; 99 Cal. 538; 59 Iowa 243. *As to punitive damages:* 58 S. C. 148. *Testimony as to value:* 5 Pa. Sup. Ct. 178; 5 Lans. (N. Y.) 298; 7 Rich. L. 533. *Error cured:* 53 S. C. 448. *Language granting nonsuit:* 79 S. C. 125.

May 4, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant.

The complaint alleges that the plaintiff at the times hereinafter mentioned was owner of all the pine timber, of certain dimensions, on the tract of land therein described.

That on or about the first day of January, 1911, the defendant entered upon the said tract of land and wilfully, wantonly, and maliciously, cut and removed therefrom, the greater part of plaintiff's timber, to his damage five hundred dollars as his actual damages, and two thousand dollars as punitive damages.

The following statement appears in the record:

"The answer (which for certain reasons counsel have agreed shall not be set out here) admitted the cutting of a certain amount of timber, valued at $111, but denied that the cutting was done wilfully, maliciously or wantonly, and also set up the correspondence which appears later in this

case between the plaintiff and the defendant, in the effort to support its contention that the cutting was a mere inadvertence, and also in the effort to limit its damage."

Before the trial of the case the defendant's attorneys offered to allow judgment in favor of the plaintiff for one hundred and eleven dollars and costs, which tender was refused.

The jury rendered a verdict in favor of the plaintiff for six hundred dollars and the defendant appealed upon exceptions, which will be reported.

*First exception:* When the offer was refused, it was deemed to have been withdrawn and could not be given in evidence. Code of Civil Procedure, sec. 424. Therefore, it would have been erroneous for his Honor, the presiding Judge, to have considered it upon the motion for a nonsuit.

Furthermore, testimony was afterwards introduced, both by the plaintiff and the defendant, tending to show that the plaintiff was entitled to damages and that the motion for nonsuit was properly refused.'

Where an order refusing a motion for nonsuit was erroneous, but testimony was afterwards introduced tending to sustain the allegations of the complaint, the Supreme Court will not reverse such order. *Hicks* v. *R. R.,* 63 S. C. 559, 41 S. E. 753.

*Second exception:* In addition to the reason assigned by his Honor, the presiding Judge, it appears from the testimony that the defendant wilfully converted the timber, which it had cut,' to its own use, after ascertaining the fact that it belonged to the plaintiff.

*Third exception:* Even conceding that Hunt's testimony was erroneously admitted, in the first instance, testimony was subsequently introduced tending to show that there was a basis for his opinion, as to the value of the timber.

Where a fact is first proved by incompetent testimony, and afterwards by proper evidence, the error in admitting the first evidence is harmless. *Garick* v. *R. R.,* 53 S. C. 448, 31 S. E. 334, 69 Am. St. Rep. 874.

*Fourth exception:* There is nothing in the case tending to show how much of the verdict was for actual damages, and what part thereof was for punitive damages.

*Fifth exception:* What has already been said disposes of this exception.

*Sixth exception:* If a Judge in refusing a motion for nonsuit indicates his opinion on the facts it is not in violation of sec. 26, art. V of the Constitution, which provides that "Judges shall not charge juries in respect to matters of fact, but shall declare the law."

*Seventh exception:* Waiving the objection that the exception is too general, we are unable to discover any facts to sustain the proposition for which the appellant contends.

*Eighth exception:* What we said in disposing of the seventh exception is applicable to this exception.

Judgment affirmed.